IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest B. Gilbert, | ) | C/A No.: 8:13-1561-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Ernest B. Gilbert, brings this action pursuant to § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI).

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

incorporates without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on July 30, 2014. The plaintiff has responded with various objections and the Commissioner has replied thereto.

The facts are fully set forth in the decision of the Administrative Law Judge (ALJ) and the administrative record, briefly summarized as follows. The plaintiff first applied for DIB in June 2010 alleging an onset of disability date of May 25, 2010. The ALJ denied the claim on March 23, 2012 and the Appeals Council denied plaintiff's request for review. The plaintiff then sought judicial review of the decision with a complaint filed in this court on June 7, 2013.

The plaintiff was 46 years old as of his alleged onset of disability. He has a high school education and prior work experience as an animal attendant, custodian, and laborer.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability, May 25, 2010. At step two, the ALJ found that plaintiff had the following severe impairments: status post right knee replacement, degenerative joint disease of the left knee, pulmonary edema, and obesity. At step three, the ALJ found that plaintiff's combined impairments did not meet or equal a Listing.

Before proceeding to step four, the ALJ determined that plaintiff had the RFC to perform "sedentary" work as defined in 20 C.F.R. [§§] 404.1567(a) and 416.967(a). Specifically, the claimant can lift and carry up to 10 pounds occasionally and lesser amounts

frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally. However, the claimant can never kneel or crawl, and he can only occasionally crouch and stoop." At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work. At step five, the ALJ found that, given his RFC and other vocational factors (i.e., age, education, and work experience), plaintiff was capable of performing other work existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

In his brief before the court, plaintiff sets forth various arguments to support his position that this case should be remanded, basing them on errors in the ALJ's determination of the non-severity of two of plaintiff's diseases; the ALJ's failure to make a proper listing or combination of impairments analysis; the ALJ's credibility finding; and the ALJ's failure to properly evaluate the treating and examining physicians' opinion evidence. The Commissioner contends otherwise and suggests that substantial evidence supports the ALJ's determination that plaintiff was not disabled.

Specifically, plaintiff contends that the ALJ erred in finding the plaintiff's cervical degenerative disc disease and bilateral carpal tunnel syndrome were non-severe. The plaintiff contends that the ALJ made absolutely no findings about the plaintiff's limitations in using his hands, either in the RFC or elsewhere. The plaintiff notes the ALJ's claim that he has accounted for these impairments by limiting the amount the claimant can lift and carry. Plaintiff then contends that the ALJ's decision is inconsistent with the facts of record.

The Magistrate Judge suggests in her Report and Recommendation that because the ALJ found severe impairments and later considered plaintiff's cervical degenerative disc disease and bilateral carpal tunnel syndrome in the remaining steps of the sequential process, any error in labeling the impairments non-severe versus severe is harmless error. This court agrees.

Plaintiff next contends that the ALJ failed to perform a listing analysis of Listing 1.02B in connection with the plaintiff's cervical radiculopathy, bilateral carpal tunnel syndrome, gout, right shoulder bursitis, and left elbow degenerative joint disease. The plaintiff also argues that the ALJ failed to consider and explain his evaluation of the combined effects of plaintiff's impairments.

The Magistrate Judge finds that while the ALJ did not expressly perform an analysis under Listing 1.02B, the ALJ discussed plaintiff's impairments related to the use of his hands in the RFC analysis. The Magistrate Judge also finds that the ALJ did not ignore the evidence regarding plaintiff's difficulty walking at times. With regard to the plaintiff's obesity, the ALJ found that it was not disabling, however, the ALJ continued to address the effect throughout the evaluation process. Because the ALJ failed to find any limitations in plaintiff's ability to perform gross and fine manipulations, the ALJ had no duty to take this limitation to account in at steps four or five.

The plaintiff argues that the ALJ erred in his credibility determination and picked out certain evidence that would support a finding of non-disability. The Magistrate Judge has

4

carefully reviewed the ALJ's conclusions and finds that the ALJ considered all of the evidence in the record and relied on his cumulative findings—not just the plaintiff's activities of daily living—to make his credibility determination. The court agrees with the Magistrate Judge that there was no error in the ALJ's credibility findings.

Finally, the plaintiff contends that the ALJ did not properly weight the medical opinions of treating physicians Dr. DeTorre and Dr. Holman. The Magistrate Judge finds that the ALJ properly weighed and explained the weight assigned to the treating and evaluating physicians and the state medical consultant opinions. The court agrees with the Magistrate Judge that there is no basis for remand on this issue.

As noted previously, the plaintiff has timely filed objections to the Report and Recommendation, challenging each of the Magistrate Judge's adverse recommendations on the issues presented to that judge. The court has carefully conducted the required *de novo* review of all of these objections and is left with the conclusion that the Magistrate Judge's recommendation disposition is appropriate in this case. To a large extent, the objections mirror the arguments made to and rejected by the Magistrate Judge.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290

5

(4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and it is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 25, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge